United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-20561-Cr-Scola |
| | ) |
| Hypico Beaulieu, Christopher | ) |
| Dalpe, Jean Oscar, Defendants | ) |

### Order Denying Motion for Severance

This matter is before the Court on Defendant Jean Oscar's Motion for Severance (ECF No. 313) and Supplemental Motion for Severance (ECF No. 322), which Oscar filed ten months after he was originally indicted and less than a week before trial. Upon careful consideration of the record and Oscar's arguments, the Motions are **denied**.

Oscar states that he is entitled to severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure because trying him with the other co-defendants would create spillover effect and prejudice that would deprive Oscar of his constitutional rights to a fair trial. (ECF No. 313 at 3.) More specifically, Oscar argues that he was charged with two counts of possession of firearms and that these counts are stand alone counts that have "no relation whatsoever to any of the Co-Defendants" and would influence a jury's verdict. (*Id.* at 1-2.) The Court disagrees.

Rule 14(a) provides, in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). As a general rule in the Eleventh Circuit, defendants indicted together are to be tried together. *See, e.g.*, *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005); *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998). A severance may be granted only if a defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to his or her defense. *United States v. Eyster*, 948 F.2d 1196, 1214 (11th Cir. 1991).

"Compelling prejudice" requires a defendant to establish that a joint trial "would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work." *United States v. Lopez,* 649 F.3d 1222, 1234 (11th Cir.

2011). The defendant bears the "heavy burden" to show that a jury will be unable, due to the complex nature of the evidence, to make an individualized determination of guilt for each defendant. *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997). Conclusory allegations of spillover prejudice will not satisfy this heavy burden. *Id.* In other words, the "*potential* for prejudice from a joint trial is not enough." *Lopez*, 649 F.3d at 1234 (emphasis added) (determining that defendants charged with drug-trafficking had not established compelling prejudice due to joinder with co-defendants charged for capital murder).

Here, Oscar has not established that he will face "compelling prejudice" if he is tried together with the co-defendants in the superseding indictment. Oscar is charged with counts arising out of a single string of controlled transactions all comprising a single investigation. After reviewing the record, the Court finds that this case is not particularly complex, and there is no reason why the jury should not be able to compartmentalize Oscar's alleged criminal activity from the activity of his co-defendants. Finally, any purported prejudice to Oscar can be mitigated by cautionary instructions to the jury. *See Lopez*, 649 F.3d at 1235 (reiterating that a court's cautionary instructions to the jury "ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt").

Because Oscar has failed satisfy the heavy burden required to obtain a severance, Oscar's Motions (ECF Nos. 313 & 322) are **denied**.

**Done and ordered**, in chambers at Miami, Florida, on May 30, 2014.

Robert N. Scola, Jr.
United States District Judge